United States Bankruptcy Court
Eastern District of Wisconsin

| | |
|---|---|
| In Re:<br>Ellie Y Freeman<br>        Debtor(s) | Case #: 22-24727<br><br>Chapter: 7 |

Ellie Y Freeman

        Plaintiff

VS

UNITED STATES DEPARTMENT     ADV. CASE #:
OF EDUCATION, [et al.]

        Defendants

**Debtor's Complaint to Determine Federal Student Loans Dischargeable For "Undue Hardship" under 11 U.S.C. § 523(a)(8)**

### Nature of Action

1. This is an adversary proceeding by which the Debtor seeks a declaration that Federal student loans constitute an undue hardship for the Debtor and should be discharged pursuant to section 523(a)(8) of the Bankruptcy Code.

### Jurisdiction and Venue

2. On October 25, 2022, the Debtor filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Wisconsin for relief under 11 U.S.C. § 727, Chapter 7 of the Bankruptcy code.

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. Venue is proper in this district pursuant to 28 U.S.C § 1409.

### Parties

6. Plaintiff, Ellie Y Freeman, is the Debtor in the above captioned case. She is the recipient of Federal student loans.

7. Defendant, United States Department of Education (ED), is a Federal agency that oversees and originates Federal student loans. It is the originator and holder of the loans at issue.

## Factual Allegations

8. Ellie Y Freeman is a resident of Milwaukee, Wisconsin. She is 39 years old and lives with her 12 and 17-year-old sons.

9. Currently there are fifteen Direct Stafford loans, held by ED in an amount that exceeds $71,637.00.

10. The loans originated in 2003. They entered repayment in 2009. They defaulted in 2012.

11. If these loans were not in default, the standard payment would be $781.84 per month.

12. Freeman is unable to afford the standard payment as her expenses exceed her income.

13. Freeman did not complete the program of studies for which these loans were taken out as she had to care for her dependents with no help from the dependent's other parent.

14. Freeman cannot obtain employment in her field of study as she was unable to complete the programs.

15. Freeman did not cure her default because it was never clearly explained how she could cure via rehabilitation or consolidation, nor how IDR would be affordable. The distant tax consequence was the focal point of discussion with ED's collectors and servicers.

16. Freeman filed bankruptcy to free herself of financial burden to enable her to maintain a basic sense of living while raising her 12 and 17-year-old sons.

17. Freeman has maximized her income while reducing her expenses as best possible.

18. Her current employment is not likely to increase in income to the point that this loan will be affordable.

19. She cannot work a second job or overtime because she must care for her 12 and 17-year-old sons.

## Claims for Relief

*Declaration that Any Federal Student Loan Obligations Should be
Discharged Pursuant to Section 523(a)(8)*

20. Freeman repeats and realleges the allegations contained in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. The repayment of Federal student loans made to Freeman would be an undue hardship to her.

22. As a result, Freeman's Federal student loan obligation should be discharged pursuant to Bankruptcy code section 523(a)(8).

    WHEREFORE, the Debtor demands judgment declaring that her Federal student loans are discharged pursuant to Bankruptcy Code section 523(a)(8).

Dated March 17, 2023 at Milwaukee Wisconsin.


/s/ Brett J. Pfeifer
Brett J. Pfeifer, 1022646
Attorney for Debtor(s)
Credit Solutions, S.C.
626 E. Wisconsin Ave., Ste. 1000
Milwaukee, WI  53202
414-272-0077